UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEFFREY DAVIS, | ) | CASE NO. 1:08 CV 933 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DRUG ENFORCEMENT AGENCY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 11, 2008, plaintiff pro se Jeffrey Davis, an inmate at the Federal Correctional Institution at Elkton, filed this 42 U.S.C. § 1983 action against the Drug Enforcement Agency (DEA) and DEA Agent Lee Lucas. The complaint alleges plaintiff was "kidnapped" from the Cleveland City Jail, and thereafter prosecuted in the federal court. Mr. Davis pled guilty to federal charges, but now asserts his counsel was ineffective and that his conviction was based on false material evidence. For the reasons stated below, this action is dismissed.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Plaintiff is essentially challenging the validity of his conviction and his present confinement. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

2